UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL QUILES, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
v. ) Case No.:
　　　　　　　　　　　　　　　　　　　　　)
CREDIT PROTECTION ASSOCIATION, )
LP, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
_____/ )

## NOTICE OF REMOVAL

To:　　Judges of the United States District Court for the Middle District of Florida

COMES NOW, Defendant, Credit Protection Association, L.P. ("CPA"), by and through its undersigned attorneys, and for its Notice of Removal pursuant to 28 U.S.C. §1441(a) and 1446, and in support thereof, states as follows:

1. On or about March 20, 2017, Plaintiff, Rachel Quiles, filed a Complaint against CPA in the County Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. A copy of the Complaint is attached hereto and incorporated herein by reference as **Exhibit "A."**

2. Process was served upon Defendant on or about March 23, 2017. A copy of the Notice to Appear for Pretrial Conference/Mediation ("Summons") is attached hereto as is attached hereto as **Exhibit "B."**

3. Copies of the above mentioned Complaint and Summons constitute true and correct copies of all process, pleadings and orders served upon CPA.

4. The Complaint asserts a federal cause of action against CPA for purported violations of the Fair Debt Collection Practices Act ("FDCPA").[1]

5. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the complaint upon the Defendant. 28 U.S.C. §1446(b).

6. 28 U.S.C. §1441(b) provides as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

7. The United States District Court for the Middle District of Florida has jurisdiction over the plaintiff's claim due to the fact that the allegations against CPA contained in the complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

8. In the Complaint, plaintiff alleges that CPA was acting as a debt collector in attempting to collect a debt from plaintiff.

9. Plaintiff claims CPA violated §§1692e and f of the FDCPA in its attempted collection of plaintiff's debt. Plaintiff seeks recovery of actual damages, statutory damages, and costs and reasonable attorney fees under the FDCPA and also relief under the Florida Consumer Collection Practices Act ("FCCPA").

10. The plaintiff's complaint invokes federal question jurisdiction because the allegations involve claims under the FDCPA, 15 U.S.C. §1692 *et seq.*

---

[1] The Complaint also asserts a cause of action under the Florida Consumer Collection Practices Act ("FCCPA").

11. This Court has and should exercise supplemental jurisdiction over Plaintiff's state law FCCPA claims by virtue of the Court's original jurisdiction over plaintiff's FDCPA claim. 28 U.S.C. § 1367(a).

12. This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because they arise from the same core of (alleged) operative facts and involve substantially similar questions of law as Plaintiff's FDCPA claims. 28 U.S.C. § 1367(a). Indeed, both claims asserted in Plaintiff's Amended Complaint arise from Defendant's allegedly improper debt collection activity and center on the same conduct alleged to have been made by CPA. They therefore form part of the same case or controversy. Moreover, Plaintiff's FCCPA claims do not involve novel or complex issues of Florida law or substantially predominate over the federal claims, and there are no other "compelling" reasons for declining supplemental jurisdiction in this case. See 28 U.S.C. §§ 1367(a); (c).

13. Promptly after the filing of this notice of removal, Defendant will file a copy of same with the clerk of the County Court of Hillsborough County, Florida and a notice of filing notice of removal, as required by 28 U.S.C. § 1446. Written notice of the filing of this notice of removal is also being served upon counsel for the Plaintiff.

14. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

WHEREFORE, the Defendant, Credit Protection Association, L.P., respectfully requests that this case proceed in this court as an action properly removed to it.

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, a true and correct copy of the foregoing was furnished via electronic mail to counsel for Plaintiff, Philip R. Goldberg, Esquire, Seraph Legal, P.A., 2002 East 5th Avenue, Suite 104, Tampa, Florida 33605 PGoldberg@SeraphLegal.com.

Respectfully submitted,

Ruel W. Smith
Florida Bar Number 0036548
rsmith@hinshawlaw.com
Andrew J. J. Collinson
Florida Bar Number 0055554
acollinson@hinshawlaw.com
Hinshaw & Culbertson LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Tel: 813-276-1662
Fax: 813-276-1956
Attorneys for Defendant Credit Protection
Association, L.P.